■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES DAFORNO, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD MASTROVINCENZO, Appellant.—Judgment, Supreme Court, Bronx County, rendered January 18, 1974, convicting defendant Mastrovincenzo, upon his plea of guilty, of robbery in the first degree, unanimously affirmed. Judgment, Supreme Court, Bronx County, rendered January 22, 1974, convicting defendant Daforno, after a jury trial, of robbery in the second degree, grand larceny in the third degree and possession of a weapon as a misdemeanor, reversed, on the law and as a matter of discretion in the interest of justice, and a new trial directed. The People contend that defendant Mastrovincenzo, aided by defendant Daforno acting as the "wheel man", held up two Bronx gas stations within a 30-minute period. After the second robbery, the perpetrator's car was chased by a car containing several civilians. A police car joined the chase and Mastrovincenzo was caught and arrested; but the second perpetrator (allegedly Daforno) escaped. Daforno was arrested shortly thereafter when he came to the stationhouse to claim his car. Each defendant was thereafter charged, while acting in concert, with two counts of robbery and lesser related crimes. After the jury was selected, but before the first witness was sworn, Mastrovincenzo offered to plead guilty to the entire indictment. The plea was not accepted when he stated that "Daforno had nothing to do with [the crimes]" and refused to give a sworn statement implicating his alleged accomplice. The trial then proceeded, with virtually all of the testimony, including the introduction of evidence concerning Mastrovincenzo's attempted bribe of a witness, directed against Mastrovincenzo. Only one witness (not a complainant), placed Daforno in the get-away car following the second robbery. After eight of the People's witnesses testified, Mastrovincenzo's second offer to plead guilty (this time to two counts of robbery in the first degree) was accepted. The trial then continued against Daforno alone. The jury chose to disbelieve his alibi witness and convicted him of robbing the second gas station, but found him not guilty of any involvement in the first robbery. Under the circumstances of this case, we believe reversible error was committed when the trial court refused to accept Mastrovincenzo's guilty plea unless he incriminated Daforno. Subject to certain limitations not here applicable, a defendant is always entitled to change his not guilty plea to one of guilty to the entire indictment. (CPL 220.60, subd 1; 220.10, subd 2.) The trial court's refusal to accept the plea permitted the introduction of the prejudicial testimony by the complaining witness in the first robbery that Mastrovincenzo had offered him $1,000 (and actually gave him $200) not to identify him in court. Despite the court's curative instruction, we are not prepared to hold, on the instant record, that the error was harmless. The improper

refusal of the Trial Judge to accept Mastrovincenzo's proper plea permitted the District Attorney to "overtry" his stronger case against Mastrovincenzo and thereby bolster his much weaker case against Daforno. Finally, on retrial, the testimony of the witness Smith (who could not, and did not, identify Daforno as one of the perpetrators) concerning his observations of Daforno at the gas station on prior occasions should be excluded. Concur—Murphy and Lupiano, JJ.; Capozzoli, J., concurs in the result and Stevens, P. J., and Nunez, J. dissent and would affirm.